BRATANOV, APPELLEE, *v.*
RIEMENSCHNEIDER, ADMR., ET AL.;
BRATANOV, APPELLANT.

(No. 9771—Decided
December 31, 1980.)

*Messrs. Lombardi & Reed* and *Mr. Carl L. Reed,* for appellee.
*Mr. Bruce H. Wilson,* for appellant.

MAHONEY, J. This is an appeal by defendant-appellant, George F. Bratanov, from a judgment of the Probate Division of the Court of Common Pleas of Summit County denying his motion for an order compelling discovery to inspect certain real estate and granting the petition of the surviving spouse (plaintiff-appellee, Anna M. Bratanov) to purchase the "mansion house" at the appraised value. We reverse.

### Facts

The inventory in the estate of Carl C. Bratanov was filed on October 30, 1979, with the appraised value of the "mansion house" set at $31,000. Plaintiff timely filed her petition as surviving spouse to purchase this real estate at the appraised value pursuant to R.C. 2113.38(A). George F. Bratanov, son of the decedent, filed his answer claiming that "* * * the appraisement * * * is so manifestly inadequate that a sale at that price would unconscionably prejudice the rights of the parties in interest* * *." This parrots the words of R.C. 2113.38. Thereafter, pursuant to Civ. R. 37, he filed his motion to compel discovery by permitting him to have an independent appraisal made of the property to enable him to prove his contentions.

The motion was submitted to a referee who recommended that the motion be granted. Objections were filed to the referee's report and the cause heard by the trial court.

The trial court did not accept the recommendation, denied the motion, and entered final judgment for the widow, holding that R.C. 2115.17 controls and fixes the purchase price at the appraised value set in the inventory.

### Assignments of Error

"1. The trial court erred in denying defendant's motion to compel discovery.

"2. The trial court erred in ordering the sale without holding the hearing required by R.C. 2113.38.

"3. The trial court erred in ordering the sale without determining whether or not the petitioner was legally or equitably entitled to the benefits of R.C. 2113.38."

## Discussion

R.C. 2113.38 provides in pertinent part:

"On the hearing of the application or petition, the finding of the court shall be in favor of the surviving spouse, unless it appears that the appraisement was made as a result of collusion or fraud, or that it is so manifestly inadequate that a sale at that price would unconscionably prejudice the rights of the parties in interest or creditors. The action of the court shall not be held to prejudice the rights of lien holders."

R.C. 2115.17 provides in pertinent part:

"When the inventory required by section 2115.02 of the Revised Code has been approved by the probate court, the appraisement of the real estate as set forth therein shall be conclusive for all purposes except estate tax, unless a reappraisal is ordered by the court."

It is our duty to interpret these statutes so that they can be read *in pari materia,* providing the construction is a reasonable one and carries out the legislative intent. Therefore, we hold that R.C. 2113.38 contemplates an adversary-type proceeding in which the defendants—heirs, devisees, legatees, lienholders *et al.*—are given the opportunity to show the presence of fraud, collusion or the manifest inadequacy of the price fixed in the inventory. If such is shown, the court shall order a reappraisal as provided in R.C. 2115.17. If it is not shown, then the price fixed in the inventory is final.

We further hold that such adversary hearing should permit a defendant the opportunity to have pretrial discovery in the form of an independent appraisal.

We also hold that filing an objection to the inventory and appraisement is not a condition precedent to attacking the appraisement under R.C. 2113.38, nor a waiver of any rights.

We note that the trial court did not dispose of, or rule on, the defendants' claim that the petitioner (the widow) "was not legally or equitably" entitled to the benefits of R.C. 2113.38. We do not here determine whether such claim is cognizable under R.C. 2113.38.

## Summary

We sustain all three assignments of error and vacate the judgment of the trial court. We remand this cause for a new hearing, after appropriate discovery in accordance with this opinion.

*Judgment reversed and
cause remanded.*

BELL, P.J., and VICTOR, J., concur.